454 P.2d 286

**DOW CHEMICAL COMPANY and Fireman's Fund Insurance Company, Plaintiffs,**

v.

**INDUSTRIAL COMMISSION of Utah, Jack A. Swaner, Pyramid Oil Company and State Insurance Fund, Defendants.**

**No. 11410.**

Supreme Court of Utah.

May 1, 1969.

6. 19 Utah 2d 373, 431 P.2d 798 (1967).

7. 121 Utah 612, 244 P.2d 640 (1952).

8. 115 Utah 1, 201 P.2d 961 (1949).

Jay E. Jensen, of Christensen & Jensen, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Mark Madsen, Asst. Atty. Gen., John R. Anderson, Robert Moore, Salt Lake City, for defendants.

HENRIOD, Justice:

Review of a Commission order to the effect that plaintiffs pay unemployment compensation and expenses from November 21, 1964, through the period to Mar. 11, 1967, that the applicant's personal physician might find to have eventuated. Affirmed in part and reversed in part.

The applicant Swaner, was injured while lifting and carrying 100-pound sacks of beads on Nov. 21, 1964, while employed by Dow Chemical. On Mar. 12, 1967, he suffered an accidental injury while operating a service station belonging to Pyramid Oil, as an independent contractor, a fact which the Commission found, on disputed evidence. The injury resulted while washing a large truck.

It appears that Fireman's Fund, insurance carrier for Dow Chemical, paid all claims asserted by Swaner arising out of the 1964 incident. Swaner himself claimed no further compensation because of the 1964 injury, on the occasion of his having

filed his claim for compensation on the 1967 incident, and there is nothing in the record that does not comport with his concession.

■ We sustain the Commission's finding that at the time of the 1967 injury Swaner was a sole proprietor, since there is ample competent evidence, if believed, to support such a finding. Under a rather loose arrangement, we believe the Commission not unreasonable in finding that Swaner operated the station without the necessary element of control by Pyramid that would create a master-servant relationship. This, particularly because Swaner was entitled to receive a percentage of the sales of petroleum products, paid his own taxes, paid the sales tax directly to the State, stated that he operated independently and not under the control of Pyramid, received the proceeds for sales of articles other than gas and oil, presented his application, signed by him and his attorney, stating that he was "self-employed,"—all in spite of the fact that apparently for bookkeeping purposes, Pyramid handled the proceeds and monthly returned Swaner's earnings.

■ Under the state of the record and the findings, we apprehend and hold that the contention of Dow Chemical that the Commission erred in ordering that it pay compensation "for all periods of temporary total disability subsequent to Nov. 21, 1964, and prior to Mar. 11, 1967, *as certified by his treating physician as being attributable to the accident of Nov. 21, 1964,*" is well taken, since 1) Swaner made no claim therefor, and 2) such authority granted to the physician is a function not delegable by the Commission. Consequently, that order of the Commission is reversed. (Emphasis supplied.)

■ In reversing this order, it appears inescapable to decide other than to reverse the award of attorney's fees, which hereby we do.

In all other respects the findings and conclusions of the Commission are affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.